IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

DAVID BLACKWELL,
GLEN CASE, JR.,
LYNN SUTTON-CASE,
WILLIAM ROSENAU,
SCOTT WAREHIME, AND
KEN MOORE

individually and on behalf of others
similarly situated

Plaintiffs,

v.

DILLON COMPANIES, INC., D/B/A KING SOOPERS,

Defendant.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, individually and on behalf of all similarly-situated employees ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant DILLON COMPANIES, INC., D/B/A KING SOOPERS hereby state and allege as follows:

1. Defendant owns and/or operates grocery stores in the Denver, Colorado metropolitan area, including the following locations where Plaintiffs were employed:

   a. 2712 11th Avenue, Greeley, Colorado 80631;
   b. 4503 JFK Parkway, Ft. Collins, Colorado 80525;
   c. 1275 Eagle Drive, Loveland, Colorado 80537;
   d. 1611 Pace Street, Longmont, Colorado 80504;
   e. 1520 Main Street, Windsor, Colorado 80550; and
   f. 1150 U.S. Highway 287, Broomfield Colorado 80020.

2. Plaintiffs are/were all non-exempt employees of Defendant who worked on the non-union "Set Team."

3. The Defendant uniformly denied wages and overtime pay to Plaintiffs and all similarly-situated employees for hours worked traveling on behalf of the Defendant.

4. The Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") and State law.

5. Plaintiffs and all similarly-situated employees were all subject to the same illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages.

6. This cause of action is brought as a collective action to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorney's fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiffs and all similarly-situated employees.

7. This cause of action is brought as a collective action to recover any unjust enrichment received by Defendant for not properly paying Plaintiffs' and all similarly-situated employees' hours worked traveling for the benefit of the Defendant.

## JURISDICTION AND VENUE

8. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 7 of this Complaint as if set forth *verbatim*.

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

11. Alternatively, Plaintiffs and all similarly-situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

12. This Court also has jurisdiction over Plaintiffs' claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 (for those employees working in the State of Colorado) because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

13. This Court has supplemental jurisdiction over Plaintiffs' and all similarly-situated employees' unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' and all similarly-situated employees' unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as wage and hour claims.

14. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## PARTIES

15. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 14 of this Complaint as if set forth *verbatim*.

16. At all times pertinent hereto, individual Plaintiff and Class Representative David Blackwell was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 3428 West 2nd Street Road, Greeley, Colorado 80631. At all times pertinent hereto, Plaintiff Blackwell was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 2712 11th Avenue, Greeley, Colorado 80631 location. Plaintiff Blackwell has worked for Defendant from August 1979 to present.

17. At all times pertinent hereto, individual Plaintiff and Class Representative Glen Case, Jr., was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 2015 Arkansas Street, Loveland, Colorado 80538. At all times pertinent hereto, Plaintiff Case was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 4503 JFK Parkway, Ft. Collins, Colorado 80525 location. Plaintiff Case has worked for Defendant from September 1992 to present.

18. At all times pertinent hereto, individual Plaintiff and Class Representative Lynn Sutton-Case, was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 2015 Arkansas Street, Loveland, Colorado 80538. At all times pertinent hereto, Plaintiff Sutton-Case was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 1275 Eagle Drive, Loveland, Colorado 80537 location. Plaintiff Sutton-Case has worked for Defendant from July 5, 1973 to present.

19. At all times pertinent hereto, individual Plaintiff and Class Representative William Rosenau, was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 527 Wapola Court, Loveland, Colorado 80537. At all times pertinent hereto, Plaintiff Rosenau was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 1611 Pace Street, Longmont, Colorado 80504 location. Plaintiff Rosenau has worked for Defendant from October 2, 1979 to present.

20. At all times pertinent hereto, individual Plaintiff and Class Representative Scott Warehime, was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 2400 West 25th Street Road, Greeley, Colorado 80634. At all times pertinent hereto, Plaintiff Warehime was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 1520

Main Street, Windsor, Colorado 80550 location. Plaintiff Warehime has worked for Defendant from November 11, 1987 to present.

21. At all times pertinent hereto, individual Plaintiff and Class Representative Ken Moore, was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 120 Willow Place North, Broomfield, Colorado 80020. At all times pertinent hereto, Plaintiff Moore was a non-exempt employee of the Defendant, working on the "Set Team" for Defendant Dillon Companies at the 1150 U.S. Highway 287, Broomfield Colorado 80020 location. Plaintiff Moore has worked for Defendant from 1971 to 2006 and then from 2006 until present (he worked on the "Set Team" until April 7, 2012).

22. At all times material hereto, Plaintiffs and all similarly-situated employees were performing their duties for the benefit of and on behalf of Defendant.

23. Plaintiffs and all similarly-situated employees are "employees" pursuant to 29 U.S.C. § 203(e)(1).

24. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

25. Plaintiffs and all similarly-situated employees suffered or were permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

26. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs and all similarly-situated employees. Accordingly, Plaintiffs and all similarly-situated employees must be paid overtime pay in accordance with the FLSA.

27. Defendant should be in possession of the time and wage records for Plaintiffs, individually and collectively, for each and every work week.

28. Upon information and belief, Defendant Dillon Companies, Inc., d/b/a King Soopers (hereinafter "Dillon Companies") is a Kansas corporation organized under the laws of Kansas with a Colorado registered agent address of 1560 Broadway, Suite 2090, Denver, Colorado 80202, United States. Defendant Dillon Companies maintains a principal street address of 2800 East 4th Street, Hutchinson, Kansas 67501, United States and a principal mailing address of the same location.

29. At all times relevant to this action, Defendant, either directly or indirectly had the authority to: (a) hire and fire employees of their facilities; (b) determine the work schedules for the employees or conditions of employment; (c) control the finances and operations of facilities; and (d) determine the rate and method of payment and maintain employment records. By virtue of having regularly exercised that authority on behalf of the grocery stores, the Defendant is an "employer" defined by 29 U.S.C. § 201 *et. seq*.

30. Defendant Dillon Companies is an employer for the purposes of the FLSA, and is the proper Defendant/employer for the Plaintiffs and other similarly-situated, non-exempt workers at Defendant Dillon Companies' grocery stores, including, but not limited to:

    a. 2712 11th Avenue, Greeley, Colorado 80631;
    b. 4503 JFK Parkway, Ft. Collins, Colorado 80525;
    c. 1275 Eagle Drive, Loveland, Colorado 80537;
    d. 1611 Pace Street, Longmont, Colorado 80504;
    e. 1520 Main Street, Windsor, Colorado 80550; and
    f. 1150 U.S. Highway 287, Broomfield Colorado 80020.

## COVERAGE

31. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 30 of this Complaint as if set forth *verbatim*.

32. At all times material hereto, Plaintiffs and all similarly-situated employees were "employees" of Defendant within the meaning of FLSA.

33. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

34. Defendant was, and continues to be an "employer" within the meaning of FLSA.

35. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

36. At all times material hereto, Defendant was, and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

37. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

38. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

39. At all times material hereto, Plaintiffs and all similarly-situated employees were "engaged in commerce" and subject to individual coverage of the FLSA.

40. At all times material hereto, Plaintiffs and all similarly-situated employees were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

41. At all times material hereto, the work performed by the Plaintiffs and all similarly-situated employees was directly essential to the business performed by Defendant.

## GENERAL ALLEGATIONS

42. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 41 of this Complaint as if set forth *verbatim*.

43. Plaintiffs and all similarly-situated employees are employed by Defendant on the "Set Team." Their job duties include(d) taking apart and/or setting up King Sooper Stores throughout the state of Colorado. More specifically, Plaintiffs and all similarly-situated employees take down shelf tags, shelving, displays, and move products sold in Defendant's stores.

44. This work is required by Defendant in instances where stores are either being renovated or are a new construction.

45. Plaintiffs and all similarly-situated employees each have a designated "home store" which is considered to be the store they are employed at for payroll purposes.

46. However, Plaintiffs and all similarly-situated employees do not work at their "home store." Instead, their job duties require that they travel in between Defendant's various store locations and/or warehouses in Colorado throughout the workday.

47. Defendant's stores and warehouses are located in a variety of Colorado locations. Some, over two hours away from Plaintiffs' and all similarly-situated employees' "home stores."

48. Prior to March 2007, Plaintiffs and all similarly-situated employees were paid for all hours worked traveling from their "home store" to Defendant's other store locations and/or warehouses at the beginning and end of their shifts.

49. However, in March 2007, Defendant discontinued this policy and no longer paid its Plaintiffs and all similarly-situated employees for hours worked traveling from their "home store" to Defendant's other store locations and/or warehouses. Therefore, Plaintiffs and all similarly-situated employees were not properly paid for hours worked traveling from their "home store" to their first job location.

50. Instead, Plaintiffs and all similarly-situated employees were uncompensated until they reached their first job location. Once they reached the first job location, Plaintiffs and all similarly-situated employees would then begin to be compensated by Defendant for hours worked and travel time to additional store locations and/or warehouses during the workday.

51. The same was true at the end of the shift. Plaintiffs and all similarly-situated employees were uncompensated for hours worked traveling from their last job location to their "home store."

52. From March 2007 though May 2012, Plaintiffs were not properly paid straight time and/or overtime on all hours worked traveling on behalf of Defendant.

53. This change in policy in May 2012 occurred as a result of some of the named Plaintiffs meeting with management and inquiring about not being properly paid straight time and/or overtime for all hours worked traveling on behalf of Defendant.

54. Despite this policy change, Plaintiffs and all similarly-situated employees were never compensated for all hours worked from March 2007 though May 2012 traveling.

55. In the course of employment with Defendant, the Plaintiffs worked unpaid hours and/or overtime hours related to all the time they spent traveling for Defendant, based in part upon Defendant's custom and practice, among other violations of the FLSA and state law.

## COLLECTIVE AND CLASS ALLEGATIONS

56. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth *verbatim*.

57. Plaintiffs bring their First Claim for Relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually-named Plaintiffs, ("Class Representatives") bring a Colorado Wage Act claim as a collective action pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23, on behalf of themselves and as representatives of the following class:

    a. All current and former non-exempt employees of Defendant who worked at any of the Defendant's locations in Colorado at any time in the last three (3) years who were not paid for all time worked traveling from:

        1. Their "home store" to their first job location at the beginning of their shift;

        and/or

        2. Their last job location to their "home store" at the end of their shift.

58. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

59. Plaintiffs, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately pay employees for all hours worked, including overtime

compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

60. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

61. The class satisfies the numerosity standards. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and via the internet.

62. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. All current and former non-exempt employees of Defendant who worked at any of the Defendant's locations in Colorado at any time in the last three (3) years who were not paid for all time worked traveling from:

        2. Their "home store" to their first job location at the beginning of their shift

        and/or

        2. Their last job location to their "home store" at the end of their shift.

63. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of all claims.

64. The Class Representatives' claims are typical of those of the Class in that Class members have been employed by Defendant as members of the "Set Team" and were subject to the same or similar unlawful withholding of pay of the Class Representatives.

65. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

66. The Class Representatives are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel,

who have experience prosecuting complex wage and hour, employment, and/or other complex civil litigation.

67. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938

68. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 67 of this Complaint as if set forth *verbatim*

69. At all times material herein, Plaintiffs and all similarly-situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

70. Plaintiffs and those similarly situated are "employees" pursuant to 29 U.S.C. § 203(e)(1).

71. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

72. Plaintiffs and all similarly-situated employees were suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

73. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs and all similarly-situated employees. Accordingly, Plaintiffs and all similarly-situated employees must be paid overtime pay in accordance with the FLSA.

74. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

75. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

76. Defendant violated the FLSA by failing to pay Plaintiffs and all similarly-situated employees all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

77. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs and those

similarly situated. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

78. Plaintiffs and all similarly-situated employees are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiffs and all similarly-situated employees.

79. Plaintiffs and all similarly-situated employees are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

80. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiffs and all similarly-situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

81. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly-situated employees for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
### Violation of the Colorado Wage and Hour Laws

82. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 81 of this Complaint as if set forth *verbatim*.

83. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

84. Defendant is required under Colorado law to pay all Colorado Plaintiffs for their time worked. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

85. Defendant is required under Colorado law to pay all Colorado Plaintiffs for unpaid wages and overtime work. 7 COLO. CODE REGS. § 1103-1:4.

86. Because Defendant has not paid all Colorado Plaintiffs for overtime wages, Colorado Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### UNJUST ENRICMENT

87. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 86 of this Complaint as if set forth *verbatim*.

88. Defendant suffered and/or permitted Plaintiff and all similarly-situated employees to them to perform off the clock work in one or more work weeks.

89. Plaintiffs and all similarly-situated employees were not compensated for these off-the-clock hours.

90. Defendant knowingly accepted the off-the-clock work, but Defendant did not compensate Plaintiffs and all similarly-situated employees for this work.

91. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiffs and all similarly-situated employees without proper compensation.

92. It would be unjust to allow Defendant to enjoy the fruits of the Plaintiffs' and collective class' labor without proper compensation.

93. Plaintiffs' and all similarly-situated employees' unjust enrichment claim seeks unpaid straight time compensation for the off the clock work where Plaintiffs and those similarly situated made at their respective regular rates of pay for all hours worked.

94. Plaintiffs' and all similarly-situated employees' unjust enrichment claim is pled in the alternative to their FLSA recovery of overtime compensation (First Claim for Relief).

**WHEREFORE**, Plaintiffs, individually and collectively on behalf of those persons similarly situated to Plaintiffs, demand judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief.

**JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

    DATED this March 27, 2013.

                                Respectfully submitted,

                                */s/ Colleen T. Calandra*
                                Colleen T. Calandra, Esq. (# 41788)
                                BACHUS & SCHANKER, LLC
                                1899 Wynkoop Street, Suite 700
                                Denver, CO 80202
                                Telephone: 303.893.9800
                                Facsimile:  303.893.9900
                                colleen.calandra@coloradolaw.net
                                *Attorneys for Plaintiff*